## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JASON PUGH, | ) |
| AIS # 00212315, | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )    CIVIL ACTION NO. 1:22-00323-KD-N |
| | ) |
| CHRISTOPHER GORDY, | ) |
| *Correctional Warden III,* | ) |
| *Bibb Correctional Facility,*[1] | ) |
|     Respondent. | ) |

## ORDER

This habeas action is before the Court on various motions filed by Petitioner

Jason Pugh, who is currently an inmate at the Alabama Department of Corrections's

Bibb Correctional Facility in Brent, Alabama, and is proceeding without counsel (*pro

se*):[2]

---

[1] Christopher Gordy, the current head warden of Bibb Correctional Facility, is substituted for Cynthia McCovery as the Respondent in this habeas action. The Clerk of Court is **DIRECTED** to update the docket accordingly. *See* (https://doc.alabama.gov/facility?loc=39); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (""The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' 28 U.S.C. § 2242; see also § 2243 ('The writ, or order to show cause shall be directed to the person having custody of the person detained') … [L]ongstanding practice confirms that in habeas challenges to present physical confinement[,] the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

[2] By electronic reference notations, the assigned District Judge has referred Pugh's petition and motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b).

## I.

The motion for leave to proceed *in forma pauperis* dated September 12, 2022 (Doc. 5), is **MOOT** at this time, in light of Pugh's subsequent payment of the $5 filing fee for this action. *See* (Doc. 9); 28 U.S.C. § 1914(a).

## II.

Pugh's motions to appoint counsel received November 2 and 21, 2022, and September 18, 2023 (Docs. 6, 8, 43), are **DENIED**.[3]

There is no right to counsel under the Sixth Amendment to the United States Constitution in proceedings for postconviction relief, *see Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, *see Johnson v. Avery*, 393 U.S. 483, 488, 89 S. Ct. 747, 750, 21 L. Ed. 2d 718 (1969), and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Barbour v. Haley*, 471 F.3d 1222, 1231 (11th Cir. 2006) ("The Sixth Amendment applies only to criminal proceedings … [P]ostconviction relief is not part of the criminal proceeding itself; rather, it is civil in nature. It is a collateral attack that normally occurs only after the direct appeals process is completed and the defendant's conviction has become final. Thus, the Sixth Amendment has no application to the inmates' claims for postconviction counsel." (citations omitted)). However, an indigent

---

[3] The request for a payment plan embedded within the first such motion is **MOOT** in light of Pugh's payment of the filing fee, *see supra.*

prisoner "could have a constitutional right under the Fifth Amendment's due process clause, which the Supreme Court has interpreted as requiring counsel to be appointed whenever 'fundamental fairness' would demand it." *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S. Ct. 1756, 1763, 36 L. Ed. 2d 656 (1973)). A prisoner also does not have an absolute statutory right to counsel in federal postconviction proceedings not involving a death sentence, as is the case here.[4]

Under 18 U.S.C. § 3006A, a court "may" appoint counsel for an indigent person who "is seeking relief under section 2241, 2254, or 2255 of title 28" if "the interests of justice so require…" 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2255(g) ("Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18."). "The Rules Governing 2254 Cases [in the United States District Courts], in turn, require counsel to be appointed for indigent parties if necessary for effective discovery or if an evidentiary hearing is warranted." *United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021) (per curiam)

---

[4] *Cf. Weeks v. Jones*, 100 F.3d 124, 126–27 (11th Cir. 1996) ("Under the Anti–Drug Abuse Act of 1988, § 7001(b), 21 U.S.C. § 848(q)(4)(B) (1988), Congress established an absolute right to counsel for indigent death-sentenced prisoners seeking federal habeas relief … On its face, this statute grants indigent capital defendants a mandatory right to qualified legal counsel in any federal post conviction proceeding." (quotation omitted)).

(unpublished) (citing Rules Governing Section 2254 Cases, Rules 6(a), 8(c)). And "[w]hen a party does not have a constitutional, statutory, or rule-based right to counsel, the district court may exercise its discretion as to whether to appoint counsel." *Id.*

Here, Pugh has not established that "fundamental fairness" demands appointment of counsel under the Fifth Amendment, that the "interests of justice" require appointment of counsel under § 3006A, or that any exceptional circumstances warrant discretionary appointment of counsel at this time. Pugh has shown more than sufficient ability to file papers with, and present his position to, the Court, and his motion presents no exceptional circumstances that may warrant appointment at this time.[5] Pugh has also not shown that any discovery is necessary at this time, *see* Rule 6 of the Rules Governing 2254 Cases in the United States District Courts ("A judge may, for good cause, authorize a party to conduct discovery … A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."), much less that appointed counsel is "necessary for effective discovery." And a court is only required to appoint counsel for a § 2254 evidentiary hearing if it first determines that "an evidentiary hearing is warranted…" Rule 8(c) of the Rules Governing 2254 Cases in the United States District Courts. As

---

[5] The mere fact that a *pro se* prisoner has no legal training and is otherwise limited in his legal knowledge does not, by itself, justify appointing counsel under any of the foregoing circumstances, as this is true of most *pro se* prisoner litigants, and would in effect create a *de facto* right to counsel for any indigent non-lawyer prisoner seeking collateral relief.

the Court has yet to order the Respondent to answer Pugh's petition, no evidentiary hearing is warranted at this time.

To the extent Pugh requests that this Court order that he be appointed new counsel in his pending state court criminal proceedings, this Court lacks power in general to direct state court proceedings, and Pugh has cited no authority to the contrary. *See Lamar v. 118th Jud. Dist. Ct. of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971) (per curiam) ("[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."); *Lawrence v. Miami-Dade Cnty. State Att'y Off.*, 272 F. App'x 781 (11th Cir. 2008) (per curiam) (unpublished) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition." (citing *Lamar*, 440 F. 2d at 384)).

## III.

Pugh's motion received January 19, 2023 (Doc. 12), requesting that the Court order the District Attorney's Office of Escambia County, Alabama, to recuse or withdraw from prosecuting him, and his motion received July 7, 2023 (Doc. 31), requesting that the Court order state officials Mike Godwin and Judge Jeffery Stearns to recuse, are **DENIED** because, as explained above, the Court lacks general authority to direct state officials in the performance of their duties.[6] However, the

---

[6] This motion's request that the Court "send [Pugh] a response to [his previous] motions" is **MOOT** in light of this order.

allegations in said motions shall also be considered as supplementing Pugh's habeas petition with additional allegations and/or grounds for relief.

## IV.

Pugh's filing received February 15, 2023 (Doc. 15), to the extent it requests relief, is **DENIED** for failure to show entitlement to any. As explained above, the Court lacks general authority to direct the duties of state officials. However, the allegations in said motion shall also be considered as supplementing Pugh's habeas petition with additional allegations and/or grounds for relief.

## V.

Pugh's various motions requesting that various individuals be impeached or criminally charged and tried (Docs. 32, 34, 35, 37, 38, 40) are **DENIED**. *See Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam) ("First, a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another. Second, prosecutorial discretion may not be controlled by a writ of mandamus." (citation omitted)).

## VI.

Pugh's motion received July 12, 2023, requesting that the Court correspond with his appointed counsel in his state criminal proceedings (Doc. 33) is **DENIED**.

## VII.

Pugh's motions received August 2 and September 5, 2023, (Docs. 39, 42), requesting that the Court take "immediate action" on his various other motions, and

his motion for a status update received September 1, 2023 (Doc. 41), are **MOOT**, in

light of this order and the one accompanying it.[7]

      **DONE** and **ORDERED** this the **21st** day of **September 2023**.

                                     */s/ Katherine P. Nelson*
                                       **KATHERINE P. NELSON**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

[7] To the extent any motion addressed by this order requests other relief not expressly discussed herein, such relief is **DENIED** without additional analysis.