IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON PUGH, ) | |
| AIS # 00212315, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00323-KD-N |
| ) | |
| CHRISTOPHER GORDY, ) | |
| *Correctional Warden III*, ) | |
| *Bibb Correctional Facility*, ) | |
|     Respondent. ) | |

## ORDER

This habeas action is before the Court on the motion received November 30, 2022 (Doc. 11) filed by Petitioner Jason Pugh,[1] who is currently an inmate at the Alabama Department of Corrections's Bibb Correctional Facility in Brent, Alabama, and is proceeding without counsel (*pro se*). Said motion requests that this Court "hand down a [sic] order to bring" his pending state court prosecution, Escambia County Court Case No. 21-83, "to this Honorable Court for trial." (Doc. 11, PageID.116). Upon due consideration, the undersigned finds that the November 30, 2022 motion (Doc. 11) should be construed as a notice of removal of

---

[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (12/2/2022 electronic reference notation).

Pugh's pending Escambia County state court prosecution under 28 U.S.C. § 1443.[2] *See United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (per curiam) ("Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework.").[3]

      Because the removal of Pugh's criminal prosecution(s) is a matter separate and distinct from his present habeas petition, the Clerk of Court is **DIRECTED** to docket the November 30, 2022 motion (Doc. 11) as a case-initiating notice of removal in a new action, and to then terminate it as an active motion in this case. After doing so, the Clerk of Court is further DIRECTED to extract the following motions from this case and docket them as motions in the newly opened removal

---

[2] Section 1443 allows for removal of "criminal prosecutions[] commenced in a State court…(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The only other statutes allowing for removal of state court criminal actions are inapplicable here, as they only apply to federal officers and members of the armed forces. *See* 28 U.S.C. § 1442, 1442a.

[3] Subsequent motions suggest that the November 30, 2022 motion should be treated as a notice of removal of a criminal prosecution. (*See* Doc. 16, PageID.224 (requesting that the Court "take action and bring this jury befor [sic] this court" and for the judge to "bring the state to her court soon"); Doc. 19-1, PageID.238 (asking that the Court "grant Jason W Pugh and all party's [sic] in the alleged case to appear in your court emeadantly [sic] ordering a soon court date befor [sic] the presiding judge…"); Doc. 21, PagID.263 (requesting that the Court "send down a [sic] order to bring all party's [sic] and case's [sic] to Her Honorable Court with a soon court date…")).

case, as they all appear to contemplate the Court taking various actions in the removed criminal prosecution: Documents 16, 19, 20, 21, 23, 24, 26, 27, and 36.[4]

**DONE** and **ORDERED** this the **22nd** day of **September 2023**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] By electronic reference notations, the assigned District Judge has referred Pugh's petition and motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b).

To the extent any of said motions requests this Court to order the Escambia County court or officials to take action in his state criminal proceedings, such requests are **DENIED**, as this Court lacks power in general to direct state court proceedings, and Pugh has cited no authority to the contrary. *See Lamar v. 118th Jud. Dist. Ct. of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971) (per curiam) ("[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."); *Lawrence v. Miami-Dade Cnty. State Att'y Off.*, 272 F. App'x 781 (11th Cir. 2008) (per curiam) (unpublished) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition." (citing *Lamar*, 440 F. 2d at 384)).