# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON PUGH, | ) | |
| AIS # 00212315, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:22-00323-KD-N |
| | ) | |
| CHRISTOPHER GORDY, | ) | |
| *Correctional Warden III*, | ) | |
| *Bibb Correctional Facility*, | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jason Pugh, an Alabama prisoner proceeding without counsel (*pro se*), initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a felony prosecution against him for making terrorist threats in the Circuit Court of Escambia County, Alabama (Case No. CC-2021-000083).[1] The assigned District Judge referred Pugh's petition and related filings to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (electronic reference notations on docket). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with

---

[1] "Pre-trial habeas petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered." *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam). *Accord Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241.").

28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. Mootness of Petition

This habeas action was initiated in 2022. A review of the publicly available docket for Escambia County Circuit Court Case No. 30-CC-2021-000083 through Alacourt.com (https://v2.alacourt.com/), the State of Alabama's electronic database of its state trial courts' dockets, reveals that on March 20, 2024, after the close the State's case at trial, the presiding circuit judge entered an order granting Pugh's motion for judgment of acquittal and dismissing the charges. (*See* Order attached hereto).[2]

> Article III of the Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies,' " and the justiciability doctrine's main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *See id.* (quotation marks omitted).
>
> Because mootness is jurisdictional, [a court is] required to resolve any question implicating the doctrine before we assume jurisdiction over an [action]. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) … In considering mootness, we look at the events at the present time, not at the time the complaint was filed … *Dow Jones & Co. v. Kaye,* 256 F.3d 1251, 1254 (11th Cir. 2001).

---

[2] A district court generally may take judicial notice of a habeas petitioner's state court records, so long as the parties are allowed to be heard on the matter "after the court takes notice." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (per curiam). In such circumstances, "the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them." *Id.* at 653.

*Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022). "The fundamental question is whether events have occurred that deprive [the federal courts] of the ability to give the [petitioner] meaningful relief." *Id.* at 1107.

It is well-recognized that a § 2241 petition is moot once the petitioner has been convicted on the underlying state charges since a federal court can no longer grant meaningful relief for pretrial federal rights violations once the petitioner is held as a convicted defendant. *See Powers v. Schwartz*, 587 F.2d 783, 783–84 (5th Cir. 1979) (per curiam) ("At oral argument, all parties admitted that since the district court's action, Ms. Powers has been tried on and convicted of the charges that precipitated this [habeas] action. Ms. Powers is therefore no longer a pretrial detainee; she has not shown a reasonable probability that she will again acquire that status in the future; and this is not a class action. The case is therefore moot.");[3] *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) ("Yohey claims that the state court erred in refusing to grant his requests for pretrial habeas relief. However, such claims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Thorne v.*

---

[3] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

*Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since Thorne is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); *Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) (unpublished) (Petitioner "filed his petition in the district court while awaiting his state-court trial; however, § 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner."). One court of appeals has also held that a habeas petition brought under 28 U.S.C. § 2254 was moot to the extent it challenged convictions that had subsequently been vacated, though it also held the petitioner should have been allowed to convert his petition to one under § 2241 to challenge his retrial on those charges. *See Dominguez v. Kernan*, 906 F.3d 1127, 1132-38 (9th Cir. 2018).

Pugh's acquittal in the underlying Escambia County case renders his § 2241 petition here moot. Those charges are no longer pending against him, and there is no indication that he continues to be held in custody on those charges in spite of his acquittal. While Pugh remains a prisoner, that custody would have continued regardless of his acquittal on the terroristic-threats charges, because he had already been sentenced on probation revocations in Escambia County Case Nos. 30-CC-2012-000577 & -000578.[4] Moreover, it is well-established that the Double Jeopardy Clause

---

[4] Those cases are the subject of Pugh's habeas petition pending in S.D. Ala. Case No. 1:22-cv-00322-KD-N. The fact that the terroristic threats on which Pugh was acquitted at trial also formed part of the basis for revoking Pugh's probation in those cases does

of the Fifth Amendment to the United States Constitution protects against a second prosecution for the same offense after acquittal. *United States v. Wilson*, 420 U.S. 332, 343, 95 S. Ct. 1013, 43 L. Ed. 2d 232 (1975). This applies to judgments of acquittal issued by trial judges as well as juries. *See, e.g.*, *Evans v. Michigan*, 568 U.S. 313, 318, 133 S. Ct. 1069, 185 L. Ed. 2d 124 (2013) ("An acquittal is unreviewable whether a judge directs a jury to return a verdict of acquittal, or forgoes that formality by entering a judgment of acquittal herself." (citation omitted)). Thus, there is no imminent possibility that the State of Alabama will retry Pugh on the acquitted charges. In light of the foregoing, the undersigned concludes that this Court can no longer grant Pugh any meaningful relief under § 2241, and will therefore recommend that this action be dismissed without prejudice as moot.

## II. Certificate of Appealability

For habeas petitions brought by persons in state custody, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

---

not render the revocation inform. Unlike a criminal trial, "[a] proceeding to revoke probation is not a criminal prosecution,…the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. Under that standard, the trial court need only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation." *Sams v. State*, 48 So. 3d 665, 667 (Ala. 2010) (citations and quotations omitted). *See also Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973) ("Probation revocation, like parole revocation, is not a stage of a criminal prosecution…"); *Carchman v. Nash*, 473 U.S. 716, 726, 105 S. Ct. 3401, 87 L. Ed. 2d 516 (1985) (A "probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial" at a probation-revocation hearing.).

District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).[5]

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). For all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a

---

[5] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted).

Upon due consideration, the undersigned finds that Pugh should be **DENIED** a certificate of appealability in connection with the dismissal of the present habeas action, as reasonable jurists would not find it debatable or wrong that dismissal for mootness is warranted.[6]

### III. Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Pugh's operative petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this action be **DISMISSED without prejudice** as **MOOT**, that the Court **DENY** Pugh a Certificate of Appealability in connection with this dismissal, and that final judgment thereafter be set out by separate document in accordance with Federal Rule of Civil Procedure 58.

### NOTICE OF RIGHT TO FILE OBJECTIONS

---

[6] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **7th** day of **May 2024**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**